FILED
CLERK

7/31/2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JESSICA MOYSE,

                                  *Plaintiff*,

                  -against-

SOHO STUDIO, LLC, TILEBAR LLC, KERRI
DIGIROLAMO, CRISTINA MAGGI, and AIMEE
BIRENBAUM,

                            *Defendant*s.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**MEMORANDUM**
**AND ORDER**

26-CV-00175 (NJC) (JMW)

**A P P E A R A N C E S:**

        Louis Moshe Leon
        **Mizrahi Kroub**
        225 Broadway, 39th Floor
        New York, NY 10007
        *Attorney for Plaintiff*

        Daniel Dov Edelman
        Michael Albert Brodlieb
        **Baker, Donelson, Bearman, Caldwell & Berkowitz, PC**
        4365 Route 1 South, Suite 301
        Princeton, NJ 08540
        *Attorneys for Defendants*

**WICKS**, Magistrate Judge:

Jessica Moyse ("Plaintiff") commenced this action against Soho Studio, LLC, Tilebar

LLC, Kerri Digirolamo, Cristina Maggi, and Aimee Birenbaum (collectively, the "Defendants"),

for (i) interference with her rights under the Family and Medical Leave Act ("FMLA"), 29

U.S.C. § 2601 *et seq.*, (ii) disability discrimination under New York State Human Rights Law

("NYSHRL"), (iii) retaliation under NYSHRL, and (iv) aiding and abetting under NYSHRL.

(*See generally*, ECF No. 8.) Now before the Court is Defendants' Motion to Stay Discovery

1

(ECF Nos. 25, 35) pending their anticipated motion to dismiss, which Plaintiff opposes (ECF

Nos. 33-34).  For the reasons that follow, the Defendants' Motion to Stay (ECF No. 25) is

**GRANTED**.

<u>**LEGAL FRAMEWORK**</u>

"[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the cases on its docket with economy of time and effort for itself, for

counsel, and for litigants." *L.N.K. International, Inc. v. Continental Casualty Company*, No. 22-

CV-05184 (GRB)(JMW), 2023 WL 2614211, at *1 (E.D.N.Y. Mar. 23, 2023) (quoting *Thomas v.

N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010)).

The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in

federal court.  That is, a stay of discovery is not warranted, without more, by the mere pendency

of a dispositive motion.  *Gagliano v. United States*, No. 24-cv-07930 (SJB)(JMW), 2025 WL

1104042, at *2 (E.D.N.Y. Apr. 14, 2025) (internal citation omitted).  Rather, "[u]nder Fed. R.

Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for

'good cause' shown." *Alloway v. Bowlero Corp.*, No. 24-CV-04738 (SJB) (JMW), 2025 WL

1220185, at *1 (E.D.N.Y. Apr. 28, 2025) (citing *Hearn v. United States*, No. 17-CV-3703, 2018

WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018)). In evaluating whether a stay of discovery

pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether

the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the

breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the

party opposing the stay." *Brinkmann v. Town of Southold, New York*, No. 21-cv-02468 (LDH)

(JMW), 2022 WL 3912974, at *1 (E.D.N.Y. Aug. 31, 2022) (citation omitted).  "Courts also may

take into consideration the nature and complexity of the action, whether some or all of the

2

defendants have joined in the request for a stay, and the posture or stage of the litigation." *Vida Press v. Dotcom Liquidators, Ltd.*, 22-cv-2044 (HG) (JMW), 2022 WL 17128638, at *1 (E.D.N.Y. Nov. 22, 2022) (quoting *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)).

**DISCUSSION**

Consideration of the three factors warrants a stay of discovery under the circumstances presented. *First*, Defendants have preliminarily shown through their pre-motion conference letter, and the instant motion that a majority of Plaintiff's claims are likely to be found unmeritorious and thus, are likely to be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), (b)(6).[1] (*See* ECF Nos. 22, 24, 25.)  *Second*, the breadth of discovery, should it proceed, could be burdensome and a stay would alleviate any burden that Defendants argue. And *third*, given the current posture of this case, the risk of unfair prejudice to Plaintiff is usually deemed low. Each of these factors is considered below.

i.     ***Defendants' Showing that Plaintiff's Claims are Unmeritorious***

Defendants are preparing to move to dismiss the entirety of the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (*See generally*, ECF No. 22.) Defendants argue that the case should be dismissed because Plaintiff fails to state her claims, some of which are time barred or should otherwise be dismissed for lack of federal subject matter jurisdiction. (ECF Nos. 22; 25-1 at 9-13.)

Generally, to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*,

---

[1] This conclusion is not intended in any way to pre-judge the motion to dismiss which has yet to be fully briefed nor has Hon. Nusrat J. Choudhury held a pre-motion conference or set a briefing schedule. This analysis is done solely for purposes of determining whether a discretionary stay is appropriate pending resolution of the anticipated motion to dismiss.

550 U.S. 544, 570 (2007); *see also CompassCare v. Hochul*, 125 F.4th 49, 56-57 (2d Cir. 2025) (quoting *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")). Complaints are properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. Thus, to survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Crawford v. Duncan*, No. 11-CV-3774 (ENV), 2013 WL 1346382, at *3 (E.D.N.Y. Apr. 3, 2013) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). The "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Setarehshenas v. Nat'l Comm'n on Certification of Physician Assistants*, 437 F. Supp. 3d 214, 219 (E.D.N.Y. 2018) (quoting *Iqbal*, 556 U.S. at 678); *Lanaia v. Trans Union LLC a/k/a Transunion, et al.*, No. 26-CV-01903 (ENV) (JMW), 2026 WL 1905990, at *2 (E.D.N.Y. July 2, 2026) (same).

First, Plaintiff brings a claim for interference with her rights under the FMLA. (*See* ECF No. 8 at 8-11.)

> The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter. 29 U.S.C. § 2615(a)(1) A plaintiff may raise separate claims under the FMLA for interference with rights and for retaliation against the exercise of those rights. To establish a *prima facie* case on a claim for interference with FMLA rights under 29 U.S.C. § 2615(a)(1), a plaintiff must establish: (1) that he is an eligible employee under the FMLA; (2) that defendant is an employer as defined in the FMLA; (3) that he was entitled to take leave under the FMLA; (4) that he gave notice to the defendant of his intention to take leave; and (5) that he was denied benefits to which he was entitled under the FMLA.

*Rivera v. Pratt (Quality Carton), LLC*, 822 F. Supp. 3d 394, 400–01 (S.D.N.Y. 2026) (internal citations and quotation marks omitted); *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016) ("To succeed on a claim of FMLA interference, a plaintiff must establish that the defendant denied or otherwise interfered with a benefit to which she was entitled under the FMLA.")

Here, Defendants argue that Plaintiff cannot nor does she, plead two elements—that she provided notice of her intention to take leave and that she was denied benefits she was entitled to. (ECF No. 25-1 at 10.) Plaintiff's allegations include that Defendants were on notice of her serious health conditions but there are no allegations that she provided notice of her intention to take leave. (*See* ECF No. 8 at ¶¶ 46-47.) Moreover, Plaintiff alleges that she was denied her rights under the FMLA because Defendants failed to advise her of her rights and terminated her while she was suffering from her conditions. (*Id.* ¶ at 48.) While it is true that to establish an intention to take leave, "all that is required is that 'an employee has provided sufficient notice to his employer if that notice indicates reasonably that the FMLA may apply,' and, in fact, the employee 'need not expressly assert rights under the FMLA or even mention the FMLA[,]'" it appears that Plaintiff solely relies on some incidents that occurred at work from her conditions. *Ryan v. Cmty. Based Servs., Inc.*, No. 24-CV-2801 (KMK), 2025 WL 2709126, at *5 (S.D.N.Y. Sept. 23, 2025) (internal citations omitted); *see also Harris v. City of New York Dep't of Health & Mental Hygiene*, No. 24-CV-4348 (PKC) (SDE), 2026 WL 710201, at *10 (E.D.N.Y. Mar. 13, 2026) (internal citations omitted) ("It is true that Harris is not required to show that he actually *requested* or *took* FMLA leave in order to state a claim for interference. But he must, at minimum, show that the DOHMH discouraged him from exercising his FMLA rights in some way. Harris has not done so.") Therefore, absent Plaintiff providing the required notice of her intention to take leave, the fourth element is not met. *See Martinez v. Staten Island Univ. Hosp.*, 814 F. Supp. 3d 380, 416 (E.D.N.Y. 2026) (finding that the plaintiff failed to make a *prima facie* interference claim due to the fourth element and lack of notice). Next, the Court is not persuaded that Defendants denied benefits as no notice was provided to them. And, in any event, Plaintiff would need to prove element four before the Court entertains the final element.

Thus, Defendants' anticipated motion insofar as it relates to failing to state a claim at first blush appears to have merit. This is especially true where the anticipated motion is in connection with an amended pleading, thereby presenting the fact that prior deficiencies were presumably corrected.

Defendants also assert that the FMLA claim is time-barred under the relevant FMLA statute-of-limitations requirements. (ECF No. 25-1 at 13-14.) The FMLA in relation to interference claims provides "for a general two-year statute of limitations and a three-year statute of limitations for willful violations, with a claim accruing on 'the date of the last event constituting the alleged violation for which the action is brought.'" *Martinez*, 814 F. Supp. 3d at 415 (quoting §§ 2617(c)(1), (2)). Plaintiff was terminated in April of 2023, and the Amended Complaint was filed on March 11, 2026, which would be over the two-year timeframe. (ECF No. 8 at ¶ 36.) However, Plaintiff argues that due to Defendants' willful conduct, the three-year statute of limitations applies.

"In the Second Circuit, a 'willful' violation occurs where the employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FMLA].'" *Islam v. Steiner*, 822 F. Supp. 3d 407, 419 (S.D.N.Y. 2026) (citing *Porter v. New York Univ. Sch. of L.*, 392 F.3d 530, 531–32 (2d Cir. 2004)). While "[t]he term 'willful' is not specifically defined in the FMLA," the Second Circuit interpreted case law from other areas to mean willfulness is a reckless disregard and that "[i]f an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful .... If an employer acts unreasonably, but not recklessly, in determining its legal obligation, then ... it should not be ... considered [willful.]" *Porter*, 392 F.3d at 531–32 (internal citations omitted) (finding allegations did not rise to the level of willfulness).

A review of the pleading illustrates that a finding of willfulness is unlikely. (*See* ECF No. 8 at 8-11.) Plaintiff in a conclusory fashion alleges that "[r]ather than responding to Plaintiff's April 4, 2023 disclosure of [her conditions]," Defendants did not offer FMLA information or leave options and terminated her shortly thereafter. (*Id.* at ¶ 51.) Plaintiff further alleges that Defendants knew "that their conduct violated federal law is evidenced by their complete silence in response to Plaintiff's detailed medical disclosures." (*Id.* at ¶ 52.) Yet, this type of generalized speculation without further detail or support of reckless disregard would be insufficient, and therefore the claims would likely be time-barred.

Finally, Defendants argue that pursuant to Fed. R. Civ. P. 12(b)(1), "[a]bsent the FMLA claim, Moyse's only basis for asserting federal jurisdiction as to the remaining New York state law claims is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). … Moyse has not pled and cannot show, as a factual matter, that complete diversity exists in this case." (ECF No. 25-1 at 17.)  However, Plaintiff correctly points out that Judge Choudhury made a determination that jurisdiction in this case exists. (ECF No. 34 at 8.) Specifically, on July 16, 2026, Judge Choudhury issued an Order stating,

> [t]he Court has reviewed Plaintiff's response to this Court's June 22, 2026 Order to Show Cause, Plaintiff's Amended Complaint, along with the record in its entirety, and has determined that, at this early stage of the action, this Court has jurisdiction over Plaintiff's claim under the Family and Medical Leave Act, 29 U.S.C. § 2601 ("FMLA") pursuant to 28 U.S.C. § 1331. Plaintiff is not asserting diversity jurisdiction under 28 U.S.C. § 1332. Any request by Plaintiff for discovery related to diversity jurisdiction is therefore denied. In this Order, the Court does not conclude that the FMLA claim is plausible, as that is a question reserved for motion practice under Rule 12, Fed. R. Civ. P. Nor does the Court rule at this time that it has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

(Electronic Order dated 7/16/2026.)

Therefore, the Court need not address that branch of the anticipated motion.  Accordingly, as the majority of the claims could result in dismissal -- and this is even after the original complaint was amended -- this factor weighs *in favor* of granting the stay at this juncture.

### ii.    ***Breadth of Discovery***

In the absence of a stay, the parties will have to conduct all fact discovery, which will likely involve both document and written discovery, depositions would need to be taken, including that of non-parties. (ECF No. 25-1 at 19.)  Plaintiff disagrees arguing that this "is a single plaintiff employment action arising out of a discrete period of employment culminating in an April 2023 termination." (ECF No. 34 at 10.) However, Courts routinely grant stays where, as here, Defendants seek to dismiss the entirety of the Complaint. *See e.g.*, *Davidoff v. Verifund Holdings, Inc.*, No. 25-CV-01851 (NJC) (JMW), 2026 WL 391412, at *4 (E.D.N.Y. Feb. 12, 2026); *Reynolds v. United States Internal Revenue Serv.*, No. 25-CV-03447 (NJC) (JMW), 2025 WL 3514102, at *2, 5 (E.D.N.Y. Dec. 8, 2025). Thus, considering the merits of the anticipated motion, that would create burdensome efforts that may be unnecessary if the action is dismissed or narrowed by the Court's ruling. Given the circumstances present here, granting the stay would help the parties "avoid substantial burden and waste of precious resources." *Posada v. E. Coast Cap. Corp.*, No. 23-CV-01579 (RER) (JMW), 2025 WL 2721621, at *3 (E.D.N.Y. Sept. 24, 2025) (quoting *Cohen v. Saraya USA, Inc.*, No. 23-CV-08079 (NJC)(JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024)). Based on the above, considering the breadth of discovery, this factor weighs *in favor* of granting the stay.

### iii.    ***Risk of Unfair Prejudice***

This case is in its nascent stage, notwithstanding it having been commenced on January 13, 2026 (ECF No. 1), an Amended Complaint was filed on March 11, 2026 (ECF No. 8).

Indeed, the Court has not held an Initial Conference and thus, no discovery has taken place. (*See* ECF No. 25-1 at 20.) "Mere delay in the litigation does not establish undue prejudice." *Wiesel v. Apple Inc.*, No. 19-CV-7261 (JMA) (JMW), 2021 WL 5038764, at *3 (E.D.N.Y. Oct. 29, 2021). Courts in this Circuit grant short stays that will be vacated upon resolution of a motion to dismiss and "neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y 2002); *Nat'l Rifle Assn'n of Am. v. Cuomo*, 2020 WL 7338588, at *4 (N.D.N.Y. 2020). Here, a short stay is not likely to cause undue prejudice. *See Maddix v. City of New York*, No. 25-CV-01909 (HG), 2025 WL 1530648, at *3 (E.D.N.Y. May 29, 2025) (granting a stay absent prejudice due to early stages of litigation).

Plaintiff expresses concerns if a stay is granted such as memories fading and risk of evidence becoming unavailable. (ECF No. 34 at 11.) However, apart from that, Plaintiff does not identify or express any particular undue prejudice if a stay is issued. Therefore, aside from the possibility of what appears to be memories fading, the Court finds no reason to deny the motion to stay discovery at this juncture. *See Marrazzo v. Flagstar Fin., Inc.*, No. 25-CV-04183 (JMA) (JMW), 2025 WL 2772813, at *3 (E.D.N.Y. Sept. 29, 2025) ("Plaintiff contends that there may be a 'possibility of prejudice' with potential witnesses having fading memories … [a]part from that slim forecasted possibility, the Court finds no reason to deny the motion to stay discovery at this juncture."); *Rodgers v. Suffolk Cnty. Cmty. Coll.*, No. 25-CV-06791 (SJB)(JMW), 2026 WL 309534, at *5 (E.D.N.Y. Feb. 5, 2026) (same); *Armstrong v. Hempstead Union Free Sch. Dist.*, No. 25-CV-03611 (RPK) (JMW), 2025 WL 3440499, at *6 (E.D.N.Y. Dec. 1, 2025) (same).

Accordingly, careful consideration of the relevant factors and the parties' submissions demonstrates that good cause indeed exists to warrant a stay of discovery pending resolution of the anticipated motion to dismiss. *See Chesney*, 236 F.R.D. at 115.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Stay Discovery (ECF No. 25) is **GRANTED**. If the motion to dismiss is denied in any respect, the parties shall file a joint letter within five business days of that ruling outlining proposed dates and deadlines for the balance of the case for the Court's consideration.

Dated:       Central Islip, New York
             July 31, 2026

**S O   O R D E R E D:**

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge
